1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

AKIEL TAYLOR,

                    Plaintiff,

        v.

LA TOYA DURHAM, et al.,

                    Defendants.

Case No. C18-539 RSM-BAT

**REPORT AND
RECOMMENDATION**

12

13

14

15

16

17

18

19

On April 11, 2018, Akiel Taylor, a *pro-se* prisoner at the King County Jail, submitted a

42 U.S.C. § 1983 complaint against defendants La Toya Durham, Jail Administrative Services

Specialist; C/O Allen, Captain Pierson, and Sergeant Sellers. Dkt. 1, 5. The Court declined to

serve the complaint because it was deficient and granted Mr. Taylor leave to file an amended

complaint by May 14, 2018. Dkt. 11. The Court advised Mr. Taylor that if he did not file an

amended complaint or cure its deficiencies by that date, the Court would recommend the case be

dismissed with prejudice. Because Mr. Taylor has not responded, the Court recommends the case

be dismissed with prejudice.

20

21

Mr. Taylor's complaint alleges defendant Durham denied him access to legal materials

including a "workstation." Dkt. 5 at 3. He further alleges

22

23

> Captain Pierson controls the movement of sergent Sellers and C/O
> Allen and others here at the King County Jail July 1 2016 I had to
> get a continuance by the judge and won't to let me prepare and

REPORT AND RECOMMENDATION - 1

1

                because I couldn't file the right motion and have my discovery this
                is why we have this problem.

2

*Id.* at 3. As relief, Mr. Taylor seeks "compensatory and punitive damages and a different judge."

3

*Id.* at 4.

4

**DISCUSSION**

5

    To obtain relief under 42 U.S.C. § 1983, Mr. Taylor must establish (1) his federal

6

constitutional or statutory rights were violated, and (2) that the violation was proximately caused

7

by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418,

8

1420 (9th Cir. 1991). Mr. Taylor must thus identify the specific constitutional right allegedly

9

infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). He must also allege facts showing how

10

each individually named defendant caused, or personally participated in causing, the harm

11

alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

12

**A.    Library Access Claim**

13

    There is no freestanding constitutional right to law library access for prisoners; law

14

library access serves as one means of ensuring the constitutional right of access to the courts. *See*

15

*Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). "[T]he Constitution does not guarantee a prisoner

16

unlimited access to a law library. Prison officials of necessity must regulate the time, manner,

17

and place in which library facilities are used." *Linquist v. Idaho State Bd. of Corrections*, 776

18

F.2d 851, 858 (9th Cir. 1985). A prisoner claiming his right of access to the courts has been

19

violated due to blocked access to the law library or legal materials must show that: 1) access was

20

so limited as to be unreasonable, and 2) the inadequate access caused actual injury. *Vandelft v.*

21

*Moses*, 31 F.3d 794, 797 (9th Cir. 1994).

22

    A prisoner cannot make conclusory declarations of injury, but instead must demonstrate

23

that a non-frivolous legal claim has been frustrated or impeded. To prevail, however, it is not

REPORT AND RECOMMENDATION - 2

1  enough for an inmate to show some sort of denial. An "actual injury" is "actual prejudice with

2  respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to

3  present a claim." *Lewis*, 518 U.S. at 348.

4          [T]he inmate . . . must go one step further and demonstrate that the
   alleged shortcomings in the library or legal assistance program

5          hindered his efforts to pursue a legal claim. He might show, for
   example, that a complaint he prepared was dismissed for failure to

6          satisfy some technical requirement which, because of deficiencies
   in the prison's legal assistance facilities, he could not have known.

7          Or that he suffered arguably actionable harm that he wished to
   bring before the courts, but was so stymied by inadequacies of the

8          law library that he was unable even to file a complaint.

9  *Id.* at 351. Here, the complaint hints at but fails to demonstrate Mr. Taylor's access to legal

10  materials was unreasonably limited or that he has been actually prejudiced by the restrictions.

11  Accordingly, the claim should be dismissed.

12  **B.**        **Personal Participation**

13        As noted above a person seeking § 1983 relief must show the named defendants violated

14  the plaintiff's rights and caused injury. Mr. Taylor must thus allege facts showing each named

15  defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v.*

16  *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th

17  Cir.1998), *cert. denied*, 525 U.S. 1154 (1999). Sweeping conclusory allegations against an

18  official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Additionally, a § 1983

19  suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct

20  violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989);

21  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (vicarious liability is inapplicable to a § 1983 suit).

22        Here Mr. Taylor alleges Ms. Durham denied him access to legal materials. But he fails to

23  set forth with any specificity the nature and extent of the denial. Was it once or twice or was he

REPORT AND RECOMMENDATION - 3

1   denied all access, and over what period of time? The complaint contains no facts regarding the

2   circumstances of the denial. As to the other defendants, the complaint does not indicate they

3   engaged in any acts that denied Mr. Taylor access to legal materials. Because the complaint lacks

4   facts that establish the named defendants personally participated in a deprivation that prejudiced

5   Mr. Taylor, it should be dismissed.

6                                           **CONCLUSION**

7        Mr. Taylor was advised if intends to pursue the claim alleged in the complaint that he

8   must file an amended complaint, naming all defendants and stating all facts, by **May 14, 2018.**

9   He was also advised that if the amended complaint is not timely filed or fails to adequately

10  address the issues raised herein or in the Court's previous order, the Court will recommend

11  dismissal of this action and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

12  Because Mr. Taylor has not responded in any way, the Court recommends the complaint be

13  dismissed with prejudice and count as a strike.

14                                  **OBJECTIONS AND APPEAL**

15       This Report and Recommendation is not an appealable order. Therefore Mr. Taylor

16  should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned

17  district judge enters a judgment in the case. Objections to this report and recommendation must

18  filed by **May 31, 2018**. The Clerk shall note the matter for **June 1, 2018**, as ready for the District

19  Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may

20  affect the right to appeal.

21       DATED this 17th day of May, 2018.

22

23                                      _____
                                        BRIAN A. TSUCHIDA
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 5